Welcome. 1-19-0367-7143 Hi, would the attorneys who are going to argue please step up? Yes. And state your name, spell your last name please. Rhonda Stewart, S-T-U-A-R-T, on behalf of Pamela Coffrey. Frederick Goodwill, G-O-O-D-W-I-L-D, last name, on behalf of the appellant, Ivan Coffrey. Okay, thanks. Now, each of you have 20 minutes. Do you want to save any time? Reserve any? The appellant has the right to reserve. Perhaps on the back end, but I'll see if I have any time left over from my initiative. And then how about, oh, the microphone. The microphone does not amplify, so keep your voices up. It just records. Okay. So keep your voices up. Okay, thanks. Ready? Yes, ma'am. Good afternoon. May it please the Court? My name is Rick Goodwill of Frederick Goodwill. I'm here on behalf of Ivan Coffrey, the appellant. This appeal involves the efforts by my client, the petitioner, in a divorce proceeding to modify or terminate maintenance after a substantial change of circumstances. At the end of September 2017, he experienced job loss, and about four and a half, five months later, the respondent filed a petition for rule to show cause, and the proceedings ensued. And the issues, as I see them, surrounding this particular appeal involve whether the rule to show cause, which combined, the order combined the rule to show cause with a finding of indirect civil contempt, whether that was wrongly entered. The other issues really revolve around my client's efforts to obtain an agreement before the rule was filed, and even after the rule was filed, to allow my client some additional time in which to find suitable employment. What happened next is there was a difference of opinion on whether there was actually an agreement. There were some terms that were specifically used, such as, yes, we have an agreement. My client was then forced to file a supplemental, an additional 510 motion to modify and terminate maintenance, which in my view, my client's view, was an unnecessary waste of judicial resources. My client feels like, I mean, certainly our position is that estoppel principles apply. First of all, the rule itself, wrongly combined, or the order on the rule on April 9th of 2018. Let me, now I understand what you're saying, and what should have happened? What should have happened, there should have been a separate rule issued, and then there should have been a separate hearing for determination of a finding of indirect civil contempt. If you look at the order, Judge. So the court should enter a rule. Yes. And set it for an evidential hearing. Correct. And should there be some sort of service on the defendant if they're not present or something? Yes. Much like what happens in a citation proceeding across the street, Your Honor. If the citation, if the judgment debtor does not show up, the rule is issued, and then there's a hearing on whether a finding of civil contempt should be entered. Much like it didn't happen in this case of Milton v. Terra, it was pretty direct on that issue. And it finds that those two distinct acts shouldn't be combined into one. Now, the judge entered a contempt at that time. Correct. Now, the judge entered an order to purge at $5,000 or something. Correct. And how does this fit in with, what's that section, the section that you, I think it's 755-510. No, no, I'm sorry. That's the one on the, to change it. But on the section to collect back maintenance that allows attorney's fees. How do these two? Well, that's, that particular provision that you're talking about on the fee petition is 508-B. I think you're referring to that one. Yes. Yes. So the 508-B, our position is that, first of all, the indirect finding, the finding of indirect civil contempt should not have issued to begin with. The fact that it was triggered a, the mandatory section of 508-B when there is an effort on the part of the other, the non-contemnor to pursue a contempt proceeding, that 508-B automatically kicks in. And there isn't a determination or consideration of ability to pay at that point. But there's case law that is contrary to that, even though it's much like, I suppose you could consider it a, you know, well, there isn't any defense that come up. It's almost, and I'm missing the terminology I'm looking for. But for the finding that he willfully violated the court order, there would have been a 508-B issue. Correct. Correct. The other side is arguing that on February 23rd, the trial court did in fact issue the rule and continued it for a hearing on the April date. So how do you respond to that? On February 23rd, there was a continuous? They're arguing that the first time the case was up was on February 23rd. It was filed on the, the respondent filed the petition on February 13th. Yes. It was first time up on February 23rd. They're arguing that at that time, the court did in fact enter the rule and continued the rule for hearing. Well, I don't think the order reflects that the rule was entered at that date. Because if you look at the order that was entered on the 9th, the rule was issued simultaneous with the finding of civil contempt. So the rule was never issued until it was issued in April. So the rule was actually entered on the 9th where the contempt order was entered. Correct. So the finding was no rule entered on February 23rd. Correct. Is that what you're stating? Yes. And if you look at, if you look at the order, and it said, you know, C-245 is the citation. And especially with respect to paragraph 2 of the order, the rule has issued and Ivan is found in civil contempt. So at that time, those two acts were entered. The rule wasn't separately issued. So that particular phrase is not in the February 23rd order. The rule has issued and this matter is continued for hearing on the rule to April 9th. That's their argument. Well, if the rule was continued, it certainly wasn't entered on the 23rd. That's my view. So it couldn't have been entered. And it was entered in paragraph 2 pretty clearly from that order of April 9th of 2018. Rule was issued contempt simultaneous. And Milton v. Hara and some of its progeny are pretty clear about the distinction that has to happen between those two. So, I mean, my point about, if you want to go back to 508B for a minute, if there's this finding of civil contempt, 508, I mean, 508B kicks in and mandates the payment of reasonable fees from the party against whom the court finds fairly compliant with court order. So I look at some of the other cases that address 508 as a whole. And what you're trying to do is, at least as I read the case law, and I've argued in my briefs, there has to be a determination of ability to pay. And my client's coming to the court and explaining, and I think he knows first of all. The ability to pay what? Ability to pay maintenance and ability to pay it all.  Because his circumstances were that he was getting paid almost $130,000. He's a 50-year-old man. Those jobs in the IT industry are going to much younger people. So we tried to work it out, counsel and I, for about six months between the time that he lost his job and the time the rule was filed initially, the petition for rule was first filed, but we couldn't reach an agreement. And then afterwards, we did reach an agreement, as I explained. It was pretty clear, those terms that I say in my brief. Yes, we have an agreement. Please tell the judge we have an agreement. But neither opposing counsel nor the judge agreed with me. But then I point to principles of estoppel and say, wait a minute, what is the harm that befell my client at that point? He then had to sell the entire 401K, and then what he had to do was file an additional petition. And the petition needn't be filed if my client had an agreement to purge the order, take six months, try to find suitable employment, and see what happens about the maintenance award from that point forward, see if we can modify the original maintenance award. And that's, from my vantage point, that's the theme of this case, whether my client is entitled to a modification and a termination, either from the standpoint of a party who is responding to a petition for rule and also later as a party who presented a motion to modify it. Was the contempt finding vacated? Well, it was eventually, yes, because the purge amount was paid. And at that point, when the purge amount was paid, that's when the contempt was vacated. And the contempt that was vacated was the contempt that was entered when the petition for rule was filed, and it was filed and the contempt issued at that point. That was what was vacated. Correct. So when the petition was heard and the civil contempt finding was made simultaneously, there was a time period in between that order and the purge date where that's where the agreement happened. And when the purge date finally came due after some continuances that the parties agreed upon to facilitate this agreement that supposedly didn't happen according to opposing counsel, that's when what my client did was sell his part of the 401K, gave her part of it, substantial penalties for having to sell off the 401K, and then the purge amount, the $5,000 purge amount was then resulted in the vacation of the contempt finding. But getting back to, now I found it, I found my right place, 508B, it says when the court finds the failure to comply with the order or judgment was without compelling cause or justification, then you're entitled to attorney's fees. The court's finding was basically the contempt. Is that correct? It was. And if you take a look at the order again, Judge, there are some other, and this is again at C245 of the record, it does say the first paragraph is, Ivan's failure to pay maintenance pursuant to the court's order of 915.16 is willful. So there's that willful finding. So if you read 508B strictly and you don't consider the other case law, and there's case law that indicate even if you have a finding of willfulness, even if you have a civil contempt finding, there still is this consideration that comes into play for the contemptor's ability to pay. And it seems like strict compliance here is necessary. It's a strict liability. That's the word I was looking for a few minutes ago. So it is strict liability. That 508B does essentially mandate. But the tenor of the entire rule, 508B, certainly takes into consideration a party's ability to pay. And again, my client suffered. So does contempt. You're not in contempt of court if you have no ability to pay. I would agree. Sure. I'd like to move on to the petition to have the maintenance modified. And that's fine. This is in two parts, obviously. Well, it's one part. This relates to, and this is an abusive discretion standard on my motion for reconsideration. First of all, second of all, but first of all, it's when my client came to court that day, early in that part of the day, he learned that he couldn't leave his new job. And so we didn't have a hearing with my client present. Even though, if you look at the transcript, my explanation was somewhat nonlinear. The point really is that my client could not leave a new job. It wouldn't have been good for anybody to leave his job and come. And he tried to leave, and he informed me at the last moment that he couldn't attend. But the judge could have exercised her discretion. And one of two things, could have held the hearing without my client present and could have postponed it. I did the best I could in the moment, but the judge clearly said my client wasn't present, so therefore the maintenance motion was denied. Just so that we're clear, he was starting a new job that day, correct? Yes, correct. That was a training week or whatever? It was. It was an initial. And the other part of it is he's a fairly sophisticated IT guy. He worked for 20 years. It wasn't just IT. I mean, it wasn't just your average IT work, but he did some sophisticated work on behalf of brokers and hedge fund managers. Did you communicate that to the trial court? I did. I did receive a brief that was communicated to the trial court. This is a new job. Because, again, if he doesn't get the new job, he can never pay. And if he's at the new job on the date of the hearing, what was the inconvenience with continuing it? Well, that's when I pressed upon the court at that time to please enter a continuing. She said, I don't have a motion. I'm sorry I can't entertain it. We're going to proceed. Well, you did ignore a motion, correct? I did, correct. Because I found out. That's a motion. No, I did disagree. At that particular moment, what happened was after I learned that my client could not attend, I did everything I could to either seek a postponement or proceed. Did you contact the other side so they didn't bring the party in? Well, I didn't know until I got there. And that's the point. I did not know until I got to court that he wasn't going to show. And he said, I'm going to try. I'm going to try. I'm here. I might try to come. That's what I said. And you can see it in the transcript. He's going to try to make it. The judge says, where is he? And I think I identified where he was. And she said, well, he's never going to make it in time. And that's it. This wasn't raised, I don't think, in the briefs, but just out of curiosity, denying a motion of this nature, is that some sort of res judicata or something, or could you renew the motion? I could. Or rebring it, not even renew that one. Can you rebring it? Well, this particular motion was not denied with prejudice. I mean, it wasn't. That's what I'm getting at. Yeah. Supplemental efforts to modify or terminate maintenance can be brought, depending on other changes of circumstances as they proceed. If the judge had ruled that day, well, this is a change of circumstances, but you still have maintenance due, and she could have identified, okay, your maintenance is reduced by such and such. So if this judge … You don't know how he applied going forward. Correct. And if the circumstances had changed, again, I could have brought a supplemental, another motion, not a supplemental, but another motion to modify or terminate. But it would be difficult for the judge, how would I say this, to make a ruling without your client being there, because it's your burden to establish the change in circumstances. And so I know there were briefs on file. I think they were supported by affidavits, but there was a fact question because what you said I don't think they agreed with. So it would be difficult for the court to make a ruling without your client being there, wouldn't it? I mean, I would think so. We do this across the street all the time where there's no client present. And I had tried to do that, and I said I'd like to proceed based on the briefs. That certainly wasn't something that the circuit court judge entertained. In her arena, this is a very separate, oftentimes a very separate set of proceedings when you're in marital disputes as opposed to your average matter on the commercial calendar. So this is how it works. She said, and your client's not here, and we have a hearing, and he's not here, and I'm ruling against you. So I took that, and I understood that, but I also know that I have quite a bit of experience on the other end. If my client's not present, and I have my affidavits, and I have testimony in a sense, and I have my arguments, then I can certainly proceed. But the judge considered it irrelevant and ultimately dispositive if my client wasn't there. Do you have anything else? Well, the only thing I do want to say, Your Honor, I addressed, there's some jurisdictional points I do want to raise. The issue comes up as to whether or not two competing rules of jurisdiction apply. I do want to make a couple of brief points about that. 304b-5 does not apply here because the original order from May of 2018 does not have a sanction to it. The issuance of the purge amount is not necessarily a sanction, and the case I cite is Marriage v. RZA, and the quote is, The purge order, it's merely a means by which to bring the alleged contender before the court when the failure to comply with an order of court is the alleged contemptuous behavior. So the sanction could have been something like, I sanction you $1,000 for, you know, you're willfully underemployed or something. I'm finding that you're willfully underemployed, or something like that. This wasn't a sanction, and there was no sanction. So 304b-5 specifically applies when there is a sanction entered. 304b-5 doesn't apply here because the order that I'm seeking an appeal from, the April 9th of 2018 order, didn't have a sanction, so we resort to the regular rules of 301. And the separate rule for motions for reconsideration, 303. What about the sanction against you? What was the conduct that the court was referring to? Well, the motion was brought under Rule 137, and as I believe most everybody knows. I'm not clear in anybody's brief what the conduct was. Well, the conduct was, I didn't hand a court order that day in court. I put the order on the desk. There was a discussion ensuing between counsel and I. I didn't hand her a copy of the order after I drafted it. The judge saw the exchange and considered that was uncivil. But the motion itself was brought under Rule 137, and the 137. . . Well, you mentioned in your brief that the judge did not view the exchange. Well, this was a separate exchange. As the counsel and I walked out, we did exchange some words as we left. There were a whole host of e-mails that went back and forth. I maintained that I kept my civility walking down the escalator. She has a different view of it. But, you know, I'm not new. I've been at this before. Sometimes attorneys do get into it. But part of it was, you know, it was fairly personal at that point. What I tried to do is impress upon her that there was an agreement. So was the 137 based upon your not handing the order or was it based upon the conduct that happened on the elevator? Not on the elevator, not on the escalator, what happened in the courtroom. The judge said she observed uncivil behavior when I didn't actually physically hand the court order. But there was another exchange on the side. In the transcript, she says, I didn't see what happened outside my courtroom. I can't judge that. But based upon what happened inside my courtroom, I'm going to find that there's a sanction of $250. But I want to make it clear. The motion on 137 was that I improperly brought in settlement discussions, and I should never have brought in settlement discussions in a motion. That was part of my motion to modify. Really what the issue came down to is that I didn't make any untrue statements. The statement that was made at all that was the core of that motion was that, yes, we have an agreement. Please tell the judge we have an agreement. My client acted on that representation, that there was an agreement, and then said, wait a minute. Now I have to sell off my 401K. Now I have to incur the penalty associated with it. Yes, your client gets immediate resources, but she could have done what she could have done. She could have taken a loan on the 401K. She should have taken the entire 401K, as it said. He could have simply transferred it in her name. But that wasn't the problem with that I see it is that the motion was brought against me under Rule 137, and the motion was directly related to whether I had a good faith basis to bring in supposed settlement communications in the context of a brief. Those communications were just simply that, judge, we had an agreement. Yes. So there was no undue delay. I thought we had an agreement. And then what ensued is obviously my client was then, you know, he had to file another motion to modify and terminate. And had we stuck to our agreement, my client would have gotten six additional months to find suitable employment, and she and I would have, counsel and I would have gone where we were between September and February when she first filed the rule to try to work something out. And as you can probably imagine, the two parties aren't necessarily aligned. But before this incident, counsel and I got along well, but I was upset over the fact that I thought we had an agreement, and I said, wait a minute, we have an agreement. And now my client has to sell off the 401K, and now my client has to file another motion to modify and terminate. So we proceeded with that, and unfortunately the circumstances are what they are, and my client wasn't able to be in court that day, and the judge ruled accordingly. And she ruled that same day, too, that, you know, I violated Rule 137. There was no other rule that was discussed at that point, but I somehow violated Rule 137 because of the exchange that we had in the courtroom that day, which, I mean, I've had countless cases against counsel, and I certainly apologize. I mean, these, if I, you know, my civility in front of the court and decor is very important to me. And that was a particular day where it certainly, those circumstances certainly resulted in a detriment to my client. Okay. Thank you. We have, like, two minutes left, so. Just about two minutes left. One quick thing. Well, then you won't have any. Then I won't have any time. I'll reserve my remaining time on rebuttal. Thank you very much. Good afternoon, Justices. Hi. Good afternoon. Well, it was interesting listening to Mr. Goodwill recount how things happened, because they drastically differ from the things that he's filed. Yeah. You pull the microphone down so we can see. No, no, no. Like this. You've got to talk into it. Oh, okay. I'm sorry. There you go. Thanks. No, that's fine. It was just right in front of your face. I'm sorry about that. First, I'll go through what he said and then get to the arguments that I would like to make on my client's behalf. First, he made a claim about he had to file an additional 510 motion to modify maintenance. There was no additional motion. This was the first one that he filed. He claims there was some conversation between us, which were not in any pleadings, between September and the time I filed my petition for rule as to Mr. Coffrey's maintenance. There were no such conversations. Basically, he sent me an email saying Ivan was trying to find work. There was no discussion about where we could go with that, and I basically told him that my client needed to get paid. As for the rules to show cause in the hearing, they were not combined. He showed up on the first court date. He was there. The court was very clear. This is kind of a little odd to me, because you both were the attorneys, and we don't take new evidence, and it seems like you're both giving us evidence that's not even in the record. No, the evidence, well, I'm rebutting what he said. Yeah, and that's the only reason. It's just not appropriate at the appellate level. I agree. I agree. I wish I wouldn't have to respond to things that are not in the record, but I feel like I have to respond to them because they were said in your presence. If he would like me to ignore the things that he said that aren't in the record, I'd be more than happy to do that as well, because it's eating into my time discussing things that aren't in the record. So I'll give that to the rule in the hearing. They were not combined. We were both in court on the date that my petition for rule was up on the first time. What was that date? That was in February, February of 2018. The order was entered. An order was entered that said he had 21 days to respond to the petition for rule and that the petition for rule is entered and continued for hearing as stated above. He also had to tender at 13-3 to opposing counsel. When we got to court on April 9th, his client was there. It was clear that it was a hearing on the petition for rule. A hearing was held. Testimony was taken. He cross-examined his client and my client. Did a rule issue? Did a rule to show cause issue? You ask for a rule to show cause, and then typically a judge would say, oh, I read all the reasons why you want a rule to show cause. I'll issue that, and then we'll have a hearing later. That may be what happens typically on the commercial calendar, which I'm familiar with because I've practiced in both. In family law, there are a number of judges who won't issue the rule on the first date because people use it all the time. Basically, just they use it improperly. Yes, they do. Right, so a lot of the judges like to do. My question is, did a rule issue in January? No, the rule issued on the same date as the hearing. So after hearing the testimony, the judge found that there was enough evidence for the rule to issue and also for the finding of contempt. Both were argued on the same date. In what testimony was heard, generally? Testimony was heard from Mr. Coffrey as to his efforts to find a job, the fact that he had a job making $130,000, but he left that job to take a job that made, I mean $120,000, he left a job to make $130,000. He was only at that job for a few months before he got laid off. The judge found that it was his intentional act that caused him to be unemployed because he offered no proof that he would have lost the job that paid $130,000. Okay, and at the end of that hearing, what happened? At the end of the hearing, the order was entered finding him in contempt. It found that his failure to pay her support was willful. There was also other testimony because I had sent a request to Produce for his bank statements and other records. He was questioned about those. He had borrowed money from relatives, and the other thing was that with the money he borrowed, he hadn't paid her any money at all, and that was what the judge found that may be willful, the fact that he had no income coming in and he didn't pay her anything, and other testimony that he hadn't applied for any other jobs outside of his field, even though he had children to support. So he raised that finding after hearing that evidence? Yes. Okay. That's when the contempt finding was made. It's also of note that Mr. Goodwill never objected to the finding of contempt. So if you look at this in the light that's most favorable to him, under 304b-5, he's way late to file an appeal of this matter because the finding of contempt was April 9th of 2018. The purge was fully paid as of July of 2018. He didn't file his appeal until 320 days after the April 9th order. So I don't believe the court even has jurisdiction to reopen the issue of the petition for rule and the finding of contempt because it's just way stale. But the contempt was vacated anyway, right? No, it was vacated after the purge. So basically what happens with the petition for rule, he's no longer in contempt. He paid the full purge. That's what Justice Griffin said. So the contempt was vacated. Well, yes. It's done. It's moved as far as I'm concerned. The whole issue is done. There's nothing to reopen. Did the judge vacate the contempt finding because he purged? Yes. So the judge entered an order vacating the contempt finding? Only because the purge was paid. Not only because. It was entered. Yes. For whatever reason. Right. Okay. So if it's vacated, tell me, in your view, why it's something we should even consider if it doesn't exist. I don't think we should consider it. Okay. The next point. All right. Thank you. All right. Moving along to the next point. We'll talk about the rule 137 sanctions. So basically that arose because Mr. Goodwill was not happy about the fact that my client, once she realized that my client's an artist by trade, and she didn't understand that the 401K came with a withdrawal penalty. And the day of the hearing, she basically said, hey, when am I going to get my check? And I said, you don't get a check. You're going to be transferred to another account. And she's like, well, that's not what I thought I was agreeing to. I made that clear to Mr. Goodwill before we stepped up. When we stepped up, he tried to badger me in front of the judge into saying that we had an agreement and that I was violating an agreement. I'm like, there's no meeting of the minds. Personally, if my client wants to agree to that, that's fine, but my client doesn't. I'm sorry for interrupting you, but do you think that 137 was the appropriate basis for attorney's fees? Yes, I do, because he was told on that date that she wouldn't entertain any discussion of this alleged agreement with him. And she was told on the second date, and he continued to persist in doing it, and then he put it in a pleading. So for the third time, he insisted upon an agreement that didn't exist, which the judge had already told him she didn't find any bad faith and she didn't believe an agreement exists. So, therefore, I had to file a response to this frivolous pleading for an agreement that he knew didn't exist. Okay, so what was the pleading that he filed? Do you know what date it was filed? It was on his 510 motion, so his motion to modify or terminate maintenance. There's a part in there about enforcing this nonexistent agreement where he asked that the court order my client to either pay back the early withdrawal penalty that his client had to pay for willfully not paying his maintenance, or be ordered to pay back the entire amount of the purge because of this agreement that didn't exist. Now, the court is required to have a written explanation of the imposition of sanctions under 137. Is there an order entered that explained that? I don't have the order in front of me. I don't think the order delineated it clearly. There is a transcript, and she explains in the transcript why she gave the 137 sanctions. I just didn't have the transcript in front of me when I drafted the order, but she does explain in the transcript why she granted the sanctions. Yeah, but I think the rule says when a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment itself or in a separate written order. I think rule 137 requires a written specific order of what the sanctions based on. Okay. Then we'll get to the 508B fees. Obviously, because he was found in contempt, 508B made it mandatory. Mr. Goodwill repeatedly tries to convince the court that they should follow 508A. There's no case law or any precedents that suggest that the court should deviate from the plain language of 508B in every case law that says that payment of fees is mandatory. As for his other arguments, the judge reviewed the bill. The judge found the bill not outrageous. The judge has the discretion to be able to do that. I understand your position that the contempt was entered appropriately, so I'm not suggesting that. But if it wasn't, if it wasn't, would there be that? Well, let me put it this way.  If there was no compelling cause or justification, right? Correct. So if there wasn't a contempt, then that would fail. Well, it wouldn't because the 508B fees are separate. So it's based on the fact that my client had to go to court. And, in fact, there's case law that says that it's not just for contempt. It's for any time someone has to go to court and has to force the court to enforce the order. So even if his, even if it had been found that he was not willful, I could have still sought fees under 508B because she was forced to go to the court to get her issues addressed because he was not following the order. Well, but 508B says that the court finds the failure to comply with the order or judgment was without compelling cause or justification. So it has to make that finding to, then the court shall order the party against whom the proceeding is brought. Right. That's on the finding of contempt. There are other cases that talk about 508B applied to other areas where an order was not followed that was not a contempt finding. So there's at least one case, and, you know, I don't want to waste my time digging through it. But there's, the issue is whether or not you had to. It just seems a moment ago that the contempt finding was not vacated. But earlier you told us it was vacated. And I'm just trying to get clear on why. Oh, I meant by this court. It wasn't sent back. It seems unlikely that this court is going to send the case back to the judge. But I thought it was vacated in the trial court. Yes, it's moved. It's already done. Okay. All right. So just so I can follow up, the contempt citation was vacated. And your position is, correct me if I'm wrong, that even though it was vacated, your client is still entitled to have the fees incurred in getting the purge amount and everything else. She's entitled to get those fees under 508B. Because it was only vacated because the purge took place. And that's the typical procedure. After the purge is paid, it would be vacated. So under your analysis, nobody would ever be able to get fees because it would be vacated. Okay. Not my analysis. Your position is, whether you got contempt or not, the fact that you had to go to court to get some action that ultimately resulted in you getting the $5,000 in rearages, you should be entitled to your attorney's fees. And that's what the judge gave you. Well, not in every case. No. In this case. In this case specifically, because it was 508B and there was a finding of contempt, I'm entitled to the fees even though it was vacated after the purge. But is it necessarily because of the finding of contempt, or is it because of the finding that the court made that there may have been, and I don't want to use the word willful conduct because that's not exactly the language. Justice Griffin just read the exact language. It is because it was found to be willful. And that's why I said it didn't have to be a contempt. It's not because of the contempt. Right. It didn't have to be a contempt finding. It just had to be willful. You were saying yes to Justice Peterson. I don't think you meant to say yes to answering this question. Well, I was talking about in this particular case. Okay. So we're going from general to specific. In this particular case, it doesn't sound like it was only the contempt. There's two issues there. There's the contempt that can get you these fees, but there's also maybe there's no contempt, but there's that not a reasonable basis for having failed to pay. Right. So under both scenarios, I should still get paid. That's my bottom line here. And that was the $250, correct? No. No. That was 2,500. That was the 2,500. Correct. The $250 was the 137. Right. That was for the 137. But now what 508B says is that the court finds that the failure to comply with the order was without compelling cause or justification. And in this case, based on the purge, the, I don't know, the appellant could have paid. Because he actually did pay ultimately. It cost some money, but he did pay. So does that figure in anywhere? No, because my client had to have me file a petition for rule to get him to pay. Right. But, I mean, the finding that he didn't have justification, what they're saying is he couldn't pay because he had made less money. But he actually could pay. It was just that he had to cash in his 401K or whatever the heck. Correct. Is that correct? Yeah. Then on the 510 petition for the reduction of the maintenance, Mr. Goodwill's client didn't appear. Mr. Goodwill gave you explanations today that don't appear on the record. The record says what the record says. He first says that he didn't believe his client was required to be there. He even said that today, that across the street, wherever that is, people don't have to come for their own motions. So he didn't come. You ask about whether or not this issue was res judicata. It's absolutely not res judicata. Case law says that maintenance is always modifiable unless there's an agreement to the contrary. Rather than file this appeal, all Mr. Goodwill needed to do was re-notice his motion, which is typically what would happen in a domestic relations division. Sometimes people miss their motions because they're tied up in other courtrooms and simply can't get there in time. The court will allow you to just re-notice the motion. So there was no reason to even appeal on that issue. What Mr. Goodwill seems to be suggesting here is that based on the pleadings and no testimony, this court should simply say that he won because he believes that he has the better argument in his pleadings. He's arguing for something in the nature of a motion for summary judgment. But even if this was some sort of summary proceeding, obviously there are issues in controversy, as the justices pointed out to Mr. Goodwill. So, therefore, that wouldn't be appropriate. So I don't see any way that he can prevail on trying to get this court to enforce, to agree with him that you should just enter an order terminating her maintenance based on cohabitation. When his client didn't appear, there was no testimony taken, and we have competing pleadings that say just the opposite as to our conclusions about how this turns out. Well, at best, if he was entitled to a hearing and he didn't get it, at best all we could do is remand it for a hearing, right? Which is your point that all you had to do was refile. Well, the original motion was denied, so he would have to refile. And the reason that it's important that it not be remanded back for a hearing is because that would toll his maintenance payments. And that's not fair to my client. Mr. Goodwill is the one who took the improper route here to bring this to the court of appeals rather than just refiling his motion. His maintenance payments would be tolled during the pendency of a motion to modify? Back to the original date. Right. Okay. So that's what I think he's trying to do, get it back to the original date when his client didn't show up. If he, in effect, had just renoticed his motion, we could have had a hearing over a year ago on this issue. But the problem with filing a new motion is that because the court has already ruled on the prior motion, there would have to now be a new change of circumstances. No, there wouldn't, because there were no findings on his motion. The court didn't make any findings whatsoever. And, in fact, I would argue that that makes this non-appealable because it was not a final appeal. So how does the court make a ruling without findings? She just denied the motion because he wasn't there. She didn't make any findings when you saw the transcript. So it was denied without prejudice? Right. He could have just refiled it. There would have been no funding on whether or not there was a change in circumstance because there was no testimony. So you're concerned about a remand, which would, in effect, stay his already paid maintenance? Well, the maintenance that hadn't been paid. He still owes the maintenance between the time of this purge, which from April to whenever he filed it. To when? To July when the original motion to modify was filed. Yeah. So there would be that couple of months. But the bottom line is that Mr. Goodwill took the wrong route. When you said July, you're referring to July 2018, correct? Right, July of 2018. Mr. Goodwill took the wrong route. From when? From April. So a six-month delay in payments? Right. Would be stayed, I guess? Right. That's what you're concerned about? Yes. Had they been paid? No. Or they have been paid? No, nothing's been paid since April of 2018, not a penny. To date? Right, to date. Okay. So that's why I feel that remand would not be appropriate because all he really had to do was file a motion to remodess it, and it would have been heard, you know, like I said, over a year ago. And I don't believe the judge abused her discretion on any of her decisions. She was there in the courtroom. She's seen this case from the very beginning. Mr. Goodwill was in it for most of the pre-stock before the divorce was finalized. He's been the only attorney that Ivan has had since it was finalized. She knows the case well. She knows both of the attorneys well. And she took testimony, and he had his due process every step of the way. And I felt like this whole filing is rather disingenuous in the way that he's trying to characterize things is equally disingenuous. One of us won 37 sanctions at the $250 that the attorney was charged because of the alleged conduct in the courtroom that the judge apparently did observe. Sure. What happened on that date is Mr. Goodwill was upset about the way the ruling turned out. He wrote an order. We were sitting probably about eight feet away from each other. When he was done with the order, he just slammed it down on the desk in front of himself. He did not present it to me. So I sat there because I wanted to see how long he was going to sit there without giving me the stability of handing me the order, which is typically what you do. And we sat there for about ten minutes. And it was so long that the clerk actually came up to me and asked me, you know, what's the deal with the order? And I said, I haven't been handed the order. And the judge looks up from the bench, and the judge is like, counsel, hand her the order. And so he handed me the order. Then he left the courtroom, and I waited some time because I didn't want to deal with him in the hallway. And when I went out in the hallway, he was waiting for me, and he costed me. He started telling me I was a deplorable. He was going to report me to the ARDC because I had said in bad faith that there was no agreement and some other things berated me. And basically I told him loudly to get away from me, and, you know, I walked away from him. There was an e-mail chain where afterwards I confronted him. I said, you know, I really don't appreciate the way you treated me, and you can see that in the pleadings. And that's what that was based on. So the judge did personally see some of the uncivil behavior in the courtroom. The clerk and the judge observed it. Why is Rule 137 the appropriate vehicle for the imposition of this penalty? You know, it may not be, and that's not really as important to me as the other issues in this case. I thought it was important to make the point that he was being uncivil and that I wasn't going to allow any attorney to treat me that way. So. Fair enough. Thank you very much. Thank you. You have about two minutes, sir. With respect to anything that was presented outside of the record, I just want to make it clear that when my client first lost his job in September of 2017, and that's in the record, and then there was the filing of the rule to show cause, which was February, that's five months. So what I'm suggesting is that that is a period of time. You can imply that that was a period of time that could have been worked out. My client didn't get another job during that time. This is in the record. He fully informed the respondent, his ex-wife, that he lost his job. So what we got, instead of working something out, and this is not outside the record, it was a rule to show cause that was filed. One of the things that you heard just a few minutes ago when there was a complaint that I somehow spoke outside the record, you heard about a communication between counsel and her client that she thought maybe the 401K deal wasn't going to work for her anymore. That's not necessarily in the record. Sometimes, you know, matters get heated, and I think they get heated a lot more in the family law setting and some of the other commercial cases. What happened is that I knew my client was going to have additional circumstances after this agreement that we thought we had in place was somehow not accepted and not agreeable to. There was no badgering involved. It was just an effort on my part to impress upon the court and my opposing counsel that there was an agreement and an agreement should have been followed. So as far as having to file another 510 motion, I know that this was the only first time that I filed was the one that was ultimately denied when my client didn't show up.  Because notice of appeal dealt with a number of issues. And I still maintain that the April 2018 order is fully appealable, and the timing to do that was when all other matters were resolved. That's after the motion to reconsider was denied. So I think there's proper jurisdiction here. I think that we've each, you know, I don't think either one of us necessarily, except for the comments about what she just said about her client deciding that she wasn't going to go along with the deal. That's nowhere to be found in the record. You clearly have a situation where there's a combined ruling between the rule to show cause and the finding of indirect civil contempt. That is a point in time that was frozen at that time because under 301 I get to appeal that. There's no sanction at that time on that April 18th or April 2018 order. So therefore, 304b-5 doesn't apply. No, but isn't it counsel's argument, and I'm asking you if it's correct, that the finding of indirect contempt is moot at this point? Well, it's not that it's, I mean, the finding, the findings of the, well, yes, they are, but this is where the manifest weight standard comes in because the finding was that he somehow acted willfully or consummatiously, and that was the, that was, that supported the finding of indirect civil contempt. What I maintain is set forth in the brief, but also as established in his testimony, this was a significant change of circumstances. And by the way, significant change of circumstances have to keep, as Your Honor just mentioned, I have to have a new significant change of circumstances. I didn't feel like it was worthwhile to bring the same 510 motion after this one was denied and my client wasn't present. But counsel says that, and I don't feel, I don't think we've completed the other issue yet, but counsel says that the court didn't make any findings here.  And so I would say that I'm going to deny your motion, and therefore I'm going to deny your motion. The court just simply denied the motion and that you could come forward on those same change in circumstances. Well, is that not correct? That's counsel's argument. Well, clearly the briefs were written, the briefs were read. Testimony was not offered at that time, obviously, and neither party testified. My client wasn't there. Her client didn't testify. So the judge didn't make any necessary findings. But the order itself is that she needs to be ---- The judge didn't make any findings regarding there being no change in circumstances because that's the finding that would prejudice your client in terms of those change in circumstances that he's no longer getting. But we're talking about de novo review on the 510 motion. So if you look at the papers themselves ---- But again, that's something different. And I don't want to conflate all the issues. It's okay. But that's something different because your position is that you want to see the contempt finding vacated because you believe that the contempt finding is what gets you to the other findings. Correct? Well, I want to make it ---- But that's not necessarily the case because it could be, and of course we have to examine the record to be clear, but it could be that the court found that failure to pay was, as the language says, has been read several times there, without compelling cause or justification. I want to make sure we have ---- If that's the case, it has nothing to do with contempt. I want to make sure we don't conflate the contempt finding and the rule to show cause, that piece of it, and the denial of my client's separate 510 motion to modify that was brought after the agreement was rejected. So that's what I want to make clear about. In the 510 motion, that was denied later on. It's denied on November 16th of 2018, and the order clearly says the motion to modify was denied because my client failed to appear. And you want us to reverse that tonight? I do, based on ---- And what does that get you? What that gets me is the motion to modify is granted. I think ---- Why would we grant it when we don't have any factual ---- we're not ---- we're reviewing it. Well, you could remand it. So what does that get you on remand? Well, what that gets me on remand is another hearing, another hearing before the court with my client. For what period of time? As soon as possible. No, no. Oh. A hearing for change in circumstances from point one to when? To the present time? Well, that's a good question. And I don't know what the judge is going to do. But what did you ask for? If you got a remand, what would you ask for? I have a change in circumstances. My circumstances change when? In April of 18? Let's freeze it in time in November of 2018. So that's the point. Going forward until today? Well, let's look at the ---- I'm just asking you on this motion. I understand. If there's a remand, there's two things that can happen. No, no. Not what can happen. What would you ask for on remand? I would ask that there be a full hearing to address the substantial change in circumstances as it was presented at that time. Until what time? Until when? Until today? Yes. I think that's correct. Why couldn't you file that motion? Why couldn't you have filed that motion six months ago? Well, I believe my proper course was to bring the matter before the hearing. I understand that. But there was nothing stopping you from presenting the same motion six months ago, correct? If I had refiled it immediately, I would probably have gotten sanctioned, I believe, at that particular point. You refiled it two months later? Perhaps. Then I'd have to demonstrate that I never ---- So you'd be right back to where you could have been a year ago, right? Perhaps. Okay. But I don't know for certain. And that's why I elected to file an appeal. Well, and that's why probably most people feel that a divorce or marital proceedings are mind-blowing and expensive. You know? I mean, at some point, the clients deserve to have things done fairly efficiently and professionally. And I'm not suggesting that any of you have not done that. But at some point, reason should prevail to get the clients back to where they should be. Would you agree? I would. And I just want to mention one thing. The judge had already found my client in indirect civil contempt at one particular point. And the same arguments that he was making on his motion to modify, he made in response at that point. What he could have done, if the court had done what was appropriate, was to separate the rule from the finding of civil contempt. My client could have brought in somebody from the Department of Employment Security and said, He's there every week. He's getting interviews. He's doing this and that. That never happened. So I'm fast-forwarding, and my client's not there. There's a good chance the judge would have simply said, Well, this doesn't change the circumstances. This is the same as from the initial time when I found your client in civil contempt. What is it worth me bringing a third, taking a third crack at it? I was the contender the first time. I certainly had my motion rejected the second time. Had I brought it a third time, I may very well have faced a 137 sanction at that point for bringing a motion a third time. So did you misspeak when you said the judge could have brought in someone from the Department of Employment Security? Me. Did I say the judge could have brought in someone from the Department of Employment Security? My client could have brought in a witness, and that's what a full interventory hearing is for. All right. Thank you very much. Thank you. Thank you both. Thanks for your fine work, and we'll be hearing from us soon. Thank you.